UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>River View Villas, LLC<br><br>Debtors. | Chapter 7<br><br>Bky. Case No. 20-42677- KHS |

**TRUSTEE'S VERIFIED RESPONSE IN OPPOSITION TO THE DEBTOR'S EXPEDITED MOTION OBJECTING TO THE TRUSTEE'S NOTICE OF SALE**

John R. Stoebner (the "Trustee") of the Chapter 7 bankruptcy estate of River View Villas, LLC ("Debtor") submits the following as and for his Verified Response in Opposition to the Expedited Motion Objecting to Sale [Doc. No. 14] ("Motion") relating to the Trustee's Notice of Sale filed December 17, 2020 [Doc. No. 10].

The Debtor purchased a two acre parcel of unimproved real estate located near the Mississippi River at 9415 West River Road, Brooklyn Park, MN (the "Real Estate") on or about February 15, 2019 for $200,000 pursuant to a Contract for Deed. According to the Contract for Deed terms, the Debtor paid $20,000 down and financed the balance of $180,000 at 6% interest per annum. Thereafter the Debtor was required to pay the real estate taxes and monthly interest only payments of $900.00 until May 15, 2020 when the $180,000 balance was due as a balloon payment.

The Debtor defaulted and did not pay the balloon payment in May of 2020. Approximately four months after the balloon date, the Contract for Deed Vendor then served a 60-day notice of cancellation of the Contract for Deed on the Debtor on September 24, 2020. The Debtor was unable to cure the default by tendering the balloon payment within the 60-day redemption period and then filed this bankruptcy case on the 57th day of the cancellation period, November 20, 2020, apparently, **solely** to obtain an additional sixty day redemption period from the cancellation, pursuant to Section 108(b) of the Bankruptcy Code. According to its filed

Schedules and the testimony of its sole member, the Debtor does not own any assets other than the Real Estate; nor does it have any creditors other than the Contract for Deed Vendor.

On or about December 8, 2020, the Trustee listed the Real Estate for sale for $244,000. Because of the impending cancellation deadline of January 19, 2021, the listing terms included: "Property must close prior to January 18th, 2021, cash only, subject to Court Approval".

On December 17, 2020, the Trustee entered into a purchase agreement with Algreen, LLC for $250,010 cash, subject to this Court's approval. This purchase price will allow the Trustee to pay all administrative expenses, including any possible income tax liability, and the Debtor's only creditor in full, and also appears sufficient to provide a surplus to the Debtor. Algreen, Inc. has provided proof that it had access to sufficient funds to pay the purchase price in cash and also has tendered $26,000 in earnest money to the Trustee in connection with this purchase agreement. Since then, the Trustee has also been advised that Algreen, LLC has begun the process of working with a construction company and architect, as well as the City of Brooklyn Park and the Mississippi Watershed Authority to move forward with its planned development of a memory care facility on the Real Estate. The buyer has also engaged Commercial Partners Title, LLC to act as its title agents.

On December 31, 2020 at 5:06 pm, the Debtor's counsel sent the Trustee an email stating "Filed objection attached". The Trustee was unable to view the objection attachment on his phone and only was able to open and view the objection on Saturday January 2, 2021, due to being hospitalized on December 31 and January 1, 2021. The Motion was not filed with the Court until January 4, 2021.

As a preliminary matter, the Trustee questions whether the Debtor even has standing to object to the sale as a Chapter 7 debtor. The Trustee submits that only the Trustee would have standing to assert an objection on behalf of the Debtor.

Further, even if the Debtor does have such standing, the Debtor's objection which is contingent the debtor's principal, Patricia Bolden successfully refinancing a duplex is fatally defective. First, despite demand by the Trustee, the Debtor has not tendered payment of $26,000 of earnest money to the Trustee as has the current proposed buyer Algreen, LLC.  Second, the Debtor states vaguely that "Debtor's owner is **nearly finished** with a refinance on a personal property in order to receive the funds." *See* Motion at Paragraph 7 (emphasis supplied). However, this is a false representation to the Court as the Trustee was advised on January 5, 2021, by Ms. Bolden's loan officer, Forest Green[1], that her refinancing "has been suspended" due to substantial outstanding work orders requiring repairs or corrections on the duplex that had been identified in an appraisal of her property.  Mr. Green stated to the Trustee that the refinance file "would be suspended for two to three weeks" which would make it impossible for the Debtor to close on a purchase of the Real Estate before the expiration of the extended redemption period on January 19, 2021.  By contrast, the proposed sale to Algreen, LLC is not contingent on anything and is ready to proceed as set forth in the Trustee's Notice of Sale.

Because the Debtor has defaulted in its obligations under the Contract for Deed, failed to cure such default, failed to tender earnest money equal to that tendered by Algreen, LLC and more importantly because it appears that the Debtor will not be able close on any purchase from the Bankruptcy Estate prior to the expiration of the extended redemption period on January 19, 2021 based on its own loan officer's suspension of the refinancing file, the Debtor's objection should be overruled in its entirety.

---

[1] See paragraph 7 of the Motion identifying Mr. Green as "the individual performing the refinance…." and See Exhibit A to the Motion.

3

B.   Relief Requested

For the reasons set forth above, the Trustee hereby moves the Court for an order overruling the Debtor's objection and approving and authorizing the sale of the estate's interest in the Property to Algreen, LLC.

In the alternative, if the Court sustains the Debtor's objection, then the Trustee requests the Court set an expedited hearing no later than January 12, 2021 to permit the Trustee to conduct an auction between the Debtor and Algreen, LLC to determine the highest bidder for the Real Estate. The Trustee also moves the Court, in the event that the successful bidder does not remit the full bid price to the Trustee within three (3) business days following entry of the foregoing order, to approve and authorize the sale of the estate's interest in the Property to the next highest bid received prior to the above deadline.  Further, the Trustee expressly requests waiver of the ten (10) day stay set forth by Fed. R. Bankr. P. 6004(h).


Dated:  January 5, 2021                                    LAPP, LIBRA, STOEBNER
                                                                              & PUSCH, CHARTERED

                                                                        By: */e/ Andrew J. Stoebner*
                                                                              Andrew J. Stoebner (#395685)
                                                                        120 South Sixth Street, Suite 2500
                                                                        Minneapolis, MN  55402
                                                                        T (612) 338-5815
                                                                        F (612) 338-6651
                                                                        astoebner@lapplibra.com

                                                                        **ATTORNEY FOR TRUSTEE**

4

# **VERIFICATION**

    I, John R. Stoebner, the Trustee of the Chapter 7 bankruptcy estate of River View Villas, LLC, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Executed on:  January 5, 2021          */e/ John R. Stoebner*
                                                                     John R. Stoebner, Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:

River View Villas, LLC,                                    Bky. No. 20-42677 – KHS
                                                           Chapter 7
            Debtor.

_____

**UNSWORN CERTIFICATE OF SERVICE**
_____

      I, Nancy I. Spooner, declare under penalty of perjury that on January 5, 2021, I mailed copies of the attached **Trustee's Verified Response in Opposition to the Debtor's Expedited Motion Objecting to the Trustee's Notice of Sale and proposed Order Overruling Objecting and Authorizing Sale of Real Estate** by first class mail postage prepaid as noted below to each party named below at the address stated below for each party:

Longview Ventures, LLC
Attn: Joseph Sullivan
21000 State Hwy 7
Excelsior, MN 55331

Cornerstone Investors, LLC
Attn: Joel T. Buttenhoff
102 Jonathan Blvd N #200
Chaska, MN 55318

River View Villas, LLC
8218 Douglas Drive
Brooklyn Park, MN 55443

VIA EMAIL/ELECTRONIC FILING ONLY

- Justin Boschwitz (Counsel for Algreen, LLC), boschwitz@parkerdk.com
- Jacquelyn Qualle, jacquelyn@bankruptcytruth.com
- Andrew C. Walker, CURTWALKERBKY@GMAIL.COM
- US Trustee   ustpregion12.mn.ecf@usdoj.gov
- Thomas Wentzell (counsel for Longview Ventures, LLC and Cornerstone Ventures, LLC),
- twentzell@bgs.com
- Tim Lacroix (Counsel for Algreen, LLC) tim@lacroixlawmn.com


Executed on: January 5, 2021               /e/  Nancy I. Spooner
                                                     Nancy I. Spooner, Paralegal
                                                     Lapp, Libra, Stoebner & Pusch, Chartered
                                                     120 South Sixth Street, Suite 2500
                                                     Minneapolis, MN 55402
                                                     612/338-5815

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>River View Villas, LLC<br><br>Debtors. | Chapter 7<br><br>Bky. Case No. 20-42677- KHS |

**ORDER OVERRULING OBJECTION AND AUTHORIZING SALE OF REAL ESTATE**

This case is before the court upon the Debtor's Expedited Motion Objecting to Sale [Doc. No. 14] ("Motion") relating to the Trustee's Notice of Sale filed December 17, 2020 [Doc. No. 10]. The trustee John R. Stoebner filed and served his Verified Response in Opposition to the Expedited Motion Objecting to Sale [Doc. No. 15] on January 5, 2021.

Based upon the written submissions and all of the documents in this case, IT IS HEREBY ORDERED:

1. The objection of the Debtor is overruled.

2. The sale of the bankruptcy estate's interest in the Real Estate legally described as: Tract B, Registered Land Survey No. 572, except road, Hennepin County, Minnesota, to Algreen, LLC pursuant to the terms set forth in the Trustee's Notice of Sale, filed December 17, 2020 [Doc. No. 10], is approved.

3. The trustee is authorized to execute all documents necessary to effect the sale authorized herein.

4. Notwithstanding the provisions of Fed R. Bankr. P. 6004(h), this order shall be effective immediately.

Dated: _____

Kathleen H. Sanberg
United States Bankruptcy Judge